# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-953

KEVEN J. ST. MARIE

VERSUS

LISA M. ROY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2006-2339-D
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and James T. Genovese, Judges.

**AFFIRMED.**

L. Lane Roy
Alyse Richard
Preis & Roy
P. O. Drawer 94-C
Lafayette, LA 70509
(337) 237-6062
Counsel for Defendant/Appellant:
Lisa M. Roy

**Richard D. Mere**
**Richard D. Mere, Ltd.**
**P. O. Box 3301**
**Lafayette, LA 70502-3301**
**(337) 269-5555**
**Counsel for Plaintiff/Appellee:**
**Keven J. St. Marie**

**SAUNDERS, Judge.**

This community property partition case involves the burden of proof under La.Civ.Code art. 2368 with respect to an owning spouse. Neither party disputes that the claimant spouse met her burden under La.Civ.Code art. 2368, but the claimant spouse disputes whether the trial court correctly applied the burden of proof of the owning spouse.

The trial court found that the owning spouse had proven that part of the increase in value of his separate property was solely due to factors other than the uncompensated or undercompensated labor of one of the spouses. Thus, the trial court awarded the claimant spouse one-half of that enhancement in value that was not solely due to those other factors. The claimant spouse appealed this judgment, alleging one assignment of error. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

Keven St. Marie (St. Marie) purchased a home located in Lafayette, Louisiana, in May 2004 for $151,000.00. The home had been appraised just before the purchase for $155,000.00. At the time, St. Marie was engaged to Lisa M. Roy (Roy). The couple moved into the home and performed some improvements to the home for which their labor was uncompensated. The couple married on October 23, 2004.

On July 25, 2005, St. Marie had an appraisal done of the home in order to obtain a second mortgage. The home appraised for $162,000.00. The home was again appraised on April 2, 2006. At this time, the home appraised for $193,000.00.

On May 10, 2006, St. Marie filed a petition for divorce from Roy. On February 21, 2007, a judgment of divorce was rendered. The judgment ordered that the community of acquets and gains be terminated retroactively to the date of filing the petition for divorce. On April 7, 2008, Roy filed a petition for judicial partition of

community property, praying for partition of the former community in accordance with La.R.S. 9:2801. She attached to the petition a sworn, detailed, descriptive list of property which, in particular, set forth as a community asset the increased value of the home, located in the Lafayette area, at a fair market value of $39,000.00.

On May 23, 2008, St. Marie answered the petition and made a reconventional demand, seeking a partition of the former community of acquets and gains in accordance with La.R.S. 9:2801. He attached to his answer a sworn, detailed, descriptive list that listed the increase in value of his separate property as $0.00.

Both parties submitted memoranda in support of their positions in the matter and accompanying exhibits. On February 25, 2009, a hearing was held on the petition and reconventional demand for judicial partition of community property. The parties stipulated to the value of reimbursement and to possession of each item before the court, except for Roy's claim for reimbursement under La.Civ.Code art. 2368.

The parties agreed that the home was the separate property of St. Marie. Further, St. Marie stipulated that he owed reimbursement to Roy for materials they purchased with community funds and used to make improvements on the home. The parties also stipulated that the home increased in value during the existence of the community. However, the parties disputed how and why the home increased in value.

The trial court found that Roy was entitled to compensation under La.Civ.Code art. 2368. The court used the initial appraisal of the value of the home, approximately $155,000.00, and the July 25, 2005 appraisal of the value of the home, approximately $162,000.00, as the basis for measuring the increase in value to the home from the uncompensated labor of the spouses. The trial court found that St. Marie had carried his burden of proving that the remaining increase in value of the home was solely due

2

to the increase in demand attributable to Hurricanes Katrina and Rita. As such, the trial court found that Roy was entitled to one-half of approximately $6,000.00 under La.Civ.Code art. 2368. Roy appealed this judgment, raising one assignment of error.

**DISCUSSION OF THE MERITS:**

In her sole assignment of error, Roy argues that the trial court erred in disregarding the burden of proof of the owning spouse, St. Marie, which required him to rebut evidence that reimbursement was due under La.Civ.Code art. 2368 by showing that the increase in value to his separate property was due *only* to market conditions, and not at all from the common labor of the spouses. We find no merit in this assignment.

Louisiana Civil Code Article 2368 states:

> If the separate property of a spouse has increased in value as a result of the uncompensated common labor or industry of the spouses, the other spouse is entitled to be reimbursed from the spouse whose property has increased in value one-half of the increase attributed to the common labor.

Our Louisiana Supreme Court, in *Salley v. Salley*, 95-387, p. 3 (La. 10/16/95), 661 So.2d 437, 438-39, stated:

> [A] claimant spouse under Article 2368 has the burden of proving: (1) the property is separate, (2) the property increased in value, and (3) the increase in value was based on the uncompensated or undercompensated labor of the other spouse; the burden then shifts to the other spouse to prove that the increase in value was due to factors other than the uncompensated or undercompensated labor.

In the case before us, the trial court found that Roy met her burden of proof under La.Civ.Code art. 2368. St. Marie does not dispute this finding. The trial court then found that St. Marie met his burden of proof under La.Civ.Code art. 2368 by showing that *some* of the increase in value of the separate property was due solely to factors other than the labor of either spouse. As a result, the trial court awarded Roy

3

one-half of the increase in value of the separate property that was not solely due to the increase in demand, and, thus, shortage of supply, of housing in the Lafayette area after Hurricanes Katrina and Rita.

Roy argues that this was an incorrect application of the law because the jurisprudence under former La.Civ.Code art. 2408, of which current La.Civ.Code art. 2368 is based upon, was such that the recovery by a claimant spouse was "an all or nothing proposition." *Deliberto v. Deliberto*, 400 So.2d 1096, 1101 (La.App. 1 Cir. 1981). As such, Roy argues that because she met her burden of proving that the value of the separate property increased due to either the uncompensated or undercompensated labor of either spouse, she was entitled to one-half of the increase in value of the separate property, in its entirety, regardless of the "hurricane effect," unless St. Marie could show that the entire increase in value was due solely to factors other than that labor.

Roy attempts to bolster her argument by first citing *Krielow v. Krielow*, 93-2539 (La. 4/11/94), 635 So.2d 180. In *Krielow*, our supreme court stated, "[b]y enacting Art. 2368, the legislature did not intend to overrule the jurisprudence interpreting Art. 2408. We shall continue to follow the standard pronounced by this court in *Abraham* [*v. Abraham*, 230 La. 78, 87 So.2d 735 (La.1956)]." *Id.* at 184.

The standard at issue in *Krielow* was whether the trial court had applied the correct burden of proof under La.Civ.Code art. 2368 with respect to the *claimant* spouse. The trial court in *Krielow*, after finding that the claimant spouse had proved that the owning spouse's separate property had increased in value, denied reimbursement because it found that the claimant spouse had failed to show that the increase in value was because of the owning spouse's labor *and not a result of other*

4

*factors*. The appellate court in *Krielow* found that the trial court had applied the correct burden of proof. Our supreme court reversed, taking offense to the language the trial court used referring to the necessity that the claimant spouse show that the increase in value was not due to factors other than the labor of the spouses. Thus, the central issue in *Krielow* was the correct application of the burden of proof under La.Civ.Code art. 2368 with respect to the claimant spouse. Here, the issue raised by Roy relates to the burden of proof with respect to the owning spouse once the claimant spouse has met his or her burden of proof. At no time in the *Krielow* opinion did our supreme court address the specific issue raised by Roy. However, when dispensing the case, our supreme court stated:

> Because Lynn Krielow has established on this record that Carl's undercompensated community labor for KBI enhanced or increased Carl's separately owned stock, the burden shifts to Carl, as the owner of the separate property, to prove that *some or all* of the enhancement occurred because of other factors. It is Carl who has failed to meet his burden of proof.

*Krielow*, 635 So.2d at 185(emphasis added).

This language in *Krielow* indicates that the owner spouse can show that *some* of the enhancement occurred solely due to factors other than undercompensated or uncompensated labor in order to have that increase in value not be included in the claimant spouse's reimbursement claim. It is true that the *Krielow* court does not explicitly state that should the owner spouse show that some of the value enhancement occurred solely because of a factor other than the undercompensated or uncompensated labor of one of the spouses, the claimant spouse's reimbursement claim does not include that value. However, this court cannot find any reason why our supreme court would use the language cited above and have it be superfluous, nor why such a showing is irrelevant, as suggested by Roy's argument that this is the

result that the law mandates.

Moreover, the language of La.Civ.Code art. 2368 dictates that when an owning spouse can show that part of the enhanced value of an asset is solely due to a factor other than the undercompensated or uncompensated labor of a spouse, that value is not part of the claimant spouse's reimbursement claim. Louisiana Civil Code Article 2368 states, "the other spouse is entitled to be reimbursed from the spouse whose property has increased in value one-half of the increase *attributed to the common labor* (emphasis added)." While our supreme court did state in *Krielow* that La.Civ.Code art. 2368 did not change the standard or overrule the jurisprudence interpreting former Article 2408, the clear language of La.Civ.Code art. 2368 is that when the owning spouse can prove that part of the increase in value is not due to the uncompensated or undercompensated labor of the spouses, the claimant spouse's reimbursement claim does not include that amount.

Roy also cites *Abraham*, 87 So.2d 735 for her contention that the trial court erred incorrectly applied the law concerning St. Marie's burden of proof. Specifically, Roy cites the following language from *Abraham*, 87 So.2d at 739 (emphasis in original):

> [W]hen it is shown that community labor, expenses or industry has provided an increase to the separate property, the burden shifts to the owner of the separate property to rebut this proof and affirmatively establish that the increase is due *only* to the ordinary course of things, rise in values or chances of trade.

Roy contends that this language unequivocally supports her position that she is entitled to one-half of the entire increase in value of St. Marie's separate property because he did not prove that the entire increase in value of the property was solely due to other factors. We do not agree with Roy's interpretation of this language.

6

Rather, we find this language unclear as to whether the owning spouse, when attempting to carry his or her burden, must show that all of the increase in value in the property, in its entirety, was due solely to the ordinary course of things, etc. Alternatively, the language could be interpreted to mean that the owning spouse can show that a part of the increase in value of the property was due solely to the ordinary course of things, etc. and have that increase in value removed from what the claimant spouse can recover in reimbursement. We find guidance at *Abraham*, 87 So.2d at 739, fn. 4, where the court stated, "[i]t is well settled that, where community funds are used to improve the separate property of one of the spouses, the other spouse is entitled to recover one-half of the enhanced value of the property *resulting from the use of community funds* under Article 2408 of the Civil Code (emphasis added)."

This language suggests that it is plausible for the increase in value of separate property to be analyzed to determine whether part of the increase is solely due to other factors. Further, *Abraham*, 87 So.2d at 739, fn. 4, intimates that if it is possible for parts of the increase in value to be analyzed individually, each part of the increase is deemed part of the reimbursement claim after the initial burden is carried by the spouse claiming reimbursement. However, if the owning spouse can carry his or her burden of proof by showing that an individual part of the increase is only due to factors other than the undercompensated or uncompensated labor of one of the spouses, then that part of the increase in value is removed from the reimbursement claim.

Further, in *Salley*, 661 So.2d at 439 (emphasis added), our supreme court stated, "because a spouse's compensation in return for his labor or industry is community property, La.Civ.Code art. 2338, *to the extent that the spouse's*

7

*uncompensated or undercompensated labor increases the value of his separate property*, the community has a claim against him." Again, this language implies that should the owning spouse be able to show that an individual part of the increase in value of the separate property is attributable solely to factors other than the uncompensated or undercompensated labor, the claimant spouse's reimbursement claim does not include that value.

Finally, Roy cites *Bordelon v. Bordelon*, 06-537 (La.App. 3 Cir. 11/2/06), 942 So.2d 708, *writ denied*, 06-2824 (La. 2/2/07), 948 So.2d 1080, for the proposition that she should be awarded a one-half share in the full increase in the value of the property. *Bordelon* is distinguishable from the case before us. In *Bordelon*, the owning spouse had a plot of land that was his separate property. After marriage, the couple constructed a home on the property for which the owning spouse's labor was not fully compensated. Twelve years after the marriage was initiated, the couple divorced, and the property was sold. The value of the house was found to be $115,000.00. This court awarded the claimant spouse one-half of that amount, which was reduced due to other calculations not relevant to this case. Here, the record has an appraisal done after the improvements were made on the house, while the *Bordelon* court did not have such an appraisal that was made directly after the house was built. Second, the marriage in this case lasted less than two years, while the marriage in the *Bordelon* case lasted over twelve years. Thus, the effort necessary to maintain any improvements on the separate property was significantly greater, given a much longer period of time transpiring, as opposed to the brief time in the case before us. Finally, in the *Bordelon* case, the evidence presented by the owning spouse of factors other than undercompensated or uncompensated labor of either

spouse was in dispute; however, the evidence of those factors in the case before us, the increase in demand after Hurricanes Katrina and Rita is uncontradicted.

Therefore, we decline to follow our sister court's ruling in *Deliberto* that reimbursement claims such as the one before us is "an all or nothing proposition."*Id* at 1101. Rather, we choose to follow the language of our supreme court cited above in *Salley* and in *Abraham*, 87 So.2d at 739, fn. 4. Once a claimant spouse has met his or her burden of proof, as stated in *Salley*, the claimant spouse is entitled to one-half of the entire increase in value of the separate property in full. However, once that spouse meets that burden of proof, the burden then is shifted to the owning spouse to prove that part of the increase in value of the separate property was due solely to factors other than the uncompensated or undercompensated labor of one of the spouses. If that burden is met, then that part of the increase in value is not part of the claimant spouse's reimbursement claim. Therefore, in the case before us, we find that the trial court correctly addressed the burdens of proof in La.Civ.Code art. 2368; and, therefore we find no merit to Roy's assignment of error.

**ANCILLARY MATTER:**

Although Roy did not specifically raise an assignment of error regarding the technique used by the trial court to value the property, she argued in brief that the trial court was manifestly erroneous in how it reached its decision as to the value of the separate property. Thus, in an effort to fully adjudicate the issues raised by Roy, we will address this issue.

This court, in *Alford v. Alford*, 94-1464, p.7 (La.App. 3 Cir. 4/5/95) 653 So.2d 133, 136, stated:

> It is well settled that, in valuing assets, the trial court is not required to accept, at face value, the valuation placed on assets by either

9

spouse. If the trial court's valuations are reasonably supported by the record and do not constitute an abuse of discretion, its determinations should be affirmed.

We find that the trial court's calculations with regard to the value of the separate property is supported by the record. St. Marie bought the property in May 2004 for $151,000.00. At that time, the property's appraised value was $155,000.00. After performing some improvements on the property, in July 2005, for the purpose of obtaining a second mortgage on the property, St. Marie had the property appraised. The property appraised at that time for $162,000.00. Then, according to the testimony of J.R. Frank, a real estate agent familiar with area wherein the property is located, the property's value increased significantly solely due to a shortage in housing supply resulting from a large increase in demand by the public after Hurricanes Katrina and Rita. The following is an excerpt of Frank's testimony:

Q       What occurred that changed real estate values in this area in August of 2005?

A       Would have been the Katrina and Rita storms that took place, and that drove up a lot of property demand and sales of properties.

Q       Did you see an across-the-board increase in appreciation values of the homes in Lafayette Parish?

A       Yes, we did.

Q       Was that increase startling, a very large increase?

A       Very large increase, a large demand.

Q       And if I then told you that a house that appraised in July of 2005 for a hundred and sixty-two thousand ($162,000) was then sold in July of 2006 for a hundred and ninety-five thousand ($195,000), would that be keeping in line with the appreciation due to the two (2) hurricanes?

A       Yes, it would.

Q       Would that be a full explanation, since there were no other

10

improvements between July of 2005 and July 2006?

A      Yeah, it would due to the storms and the high demand of properties at that time. Because of the storms and an influx of people coming to the Lafayette area, it put a large demand on properties, and that caused a lot of builders to have to go out and build more properties, because the supply wasn't there, so the demand was there. So it drove up the price of - - the price of properties up.

Frank's testimony provides a basis for the trial court to find that St. Marie met his burden of proving that the increase in value of the property from approximately $162,000.00 to $193,000.00 from July of 2005 to July of 2006 was solely due to factors other than the undercompensated or uncompensated labor of either of the spouses, namely the rise in demand resulting from Hurricanes Katrina and Rita. Therefore, we find that the trial court did not abuse its discretion in reaching its result.

**CONCLUSION:**

Roy raised one assignment of error, that the trial court erred in misapplying the burden of proof of St. Marie, which required him to rebut evidence that reimbursement was due under La.Civ.Code art. 2368 by showing that the increase in value to his separate property was due *only* to market conditions, and not at all from the common labor of the spouses. We found no merit in this assignment of error. We also addressed whether the trial court abused its discretion in valuing St. Marie's separate property. We found support for the trial court's judgment in the record. Accordingly, we affirm the trial court's judgment. All costs of these proceedings are assessed to Roy.

**AFFIRMED.**

11